NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATE OF AMERICA,

    Plaintiff,

v.

OMAR DESOKY,

    Defendant.

Crim. No. 10-699

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    Pending before the Court is a motion by Defendant Omar Desoky requesting various forms of relief. (ECF No. 223). Defendant requests that the Court:

> [(1)] take judicial notice of Petioners [sic] pro se status and cease forwarding his pro se pleadings to former court-appointed attorneys
> [(2)] take judicial notice of Petioners [sic] intent to file ineffective assistance of counsels [sic] against both attorneys of record as well as each of the other facts notated in the Requested Order in this motion
> [(3)] to enter his pro se pleadings (10/20/2014) into the electronic court docket system
> [(4)] to grant relief in full of all his pro se pleadings so that he may be able to move forward with his post-conviction motions and in-effective [sic] assistance of counsel on an equal footing, and with necessary and full access to the caselaw and case documents
> [(5)] to schedule an ex parte communication between Judge and petitioner in Judges [sic] chamber in Newark (or if not available, Trenton)
> [(6)] to take judicial note of all facts presented in petitioners [sic] Requested Order.

(*Id.* at 2). The Court notes that Defendant's pleadings of October 20, 2014, discussed in request (3), have been docketed by the Court as docket entries 217–221, and that the Court has denied each of those pleadings in its Order of January 16, 2015 (ECF No. 222). Accordingly, requests (3) and (4) will be dismissed as moot. Requests (1), (2), (5), and (6) ask the Court to take judicial notice of certain facts and to schedule an *ex parte* hearing for Defendant. The Court advises Defendant that, as his conviction has been upheld by the Third Circuit (ECF No. 186) and he has been resentenced in consideration of the Third Circuit's opinion remanding his case

1

to this Court for resentencing (ECF No. 208), there is no action pending before this Court. Under the Federal Rules of Evidence, a Court can take notice of facts in certain limited situations; however, given there is no open matter for adjudication before the Court, the Court may not hear the Defendant's evidentiary motions. Defendant indicates that he intends on raising the issue of ineffective assistance of counsel. That issue may be raised in either an appeal of his new sentence to the Third Circuit or in a collateral action attacking his conviction made pursuant to 28 U.S.C. § 2255, but there is no further motion that can be made before this Court involving a claim of ineffective assistance of counsel. *See United States v. Hurtado*, 65 Fed. App'x 401, at *1 (3d Cir. 2003) (discussing the procedural vehicles in which a claim of ineffective assistance of counsel may be raised). Accordingly, the Court will not take judicial notice of any further facts, nor will the Court grant Defendant's request for an *ex parte* hearing.

ACCORDINGLY, IT IS, on this 18th day of August, 2015,

ORDERED that Defendant's motion (ECF No. 223) is HEREBY DENIED.

ANNE E. THOMPSON, U.S.D.J.